# EXHIBIT B

# EXHIBIT B-1

**HCDistrictclerk.com**      MOODY, ALICE vs. STATE FARM LLOYDS      9/24/2019
Cause: 201959593      CDI: 7      Court: 129

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 87238850 | Defendant's Original Answer | | 09/20/2019 | 8 |
| 87123058 | Citation | | 09/13/2019 | 2 |
| 86880088 | Civil Process Pick-Up Form | | 08/26/2019 | 1 |
| 86811361 | Plaintiff's Original Petition | | 08/23/2019 | 9 |
| ·> 86811363 | Civil Process Request | | 08/23/2019 | 1 |

# EXHIBIT B-2

8/23/2019 9:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36248492
By: Rhonda Momon
Filed: 8/23/2019 9:30 PM

# 2019-59593 / Court: 129

### CAUSE NO. _____

| | | |
|---|---|---|
| ALICE MOODY, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | _____ JUDICIAL DISTRICT |
| STATE FARM LLOYDS | § | |
| *Defendant* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF Alice Moody ("Plaintiff") and files this Original Petition against State Farm Lloyds ("Defendant") and, in support thereof, would respectfully show the Court the following:

### I.
### DISCOVERY CONTROL PLAN AND MONETARY RELIEF

1. Plaintiff intends to conduct discovery under Level 2. Tex. R. Civ. P. 190.3.

2. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. Tex. R. Civ. P. 47(c)(4).

### II.
### CONDITIONS PRECEDENT

3. Pursuant to Tex. R. Civ. P. 54, Plaintiff asserts that all conditions precedent to recovery have been performed or have occurred.

### III.
### PARTIES, JURISDICTION AND VENUE

## A.   PARTIES.

4.      Plaintiff Alice Moody is a Texas resident(s), who resides at 405 Graham Dr., Harris County, Galena Park, TX 77547.

5.      Defendant State Farm Lloyds is an insurance company doing business in the State of Texas, which may be served through Corporation Service Company at 211 East 7th Street Suite 620 Austin, TX 78701 -3218.  As it relates to the event giving rise to this Petition, Plaintiff invokes the right to institute this suit against any entity that was conducting business using the assumed or common name of State Farm Lloyds.  Pursuant to Tex. R. Civ. P. 28, Plaintiff moves the Court to order Defendant to substitute its true name if different from the name stated herein.

## B.   JURISDICTION.

6.      The Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of the Court.

7.      The Court has both general and specific personal jurisdiction over Defendant.  The Court has general jurisdiction over Defendant, as Defendant has sufficient minimum contacts with and within this State and has purposefully availed itself of the privilege of conducting activities within this State, thus invoking the benefits, protections, and obligations of this State's laws. Defendant's contacts with this State, which are continuous and systematic, include doing business in Texas, selling and delivering insurance products in Texas, entering into contracts for insurance in Texas with Texas residents, insuring property located in Texas, underwriting insurance policies in Texas, accepting policy premiums in Texas and adjusting insurance claims in Texas.   This activity was not the unilateral activity of another party or a third person.

8.      Defendant's contacts with Texas, relied upon by Plaintiff, were purposeful and were not random, fortuitous, or attenuated, and are thus subject to the jurisdiction of this State in

suits based on its activities.  The Court has jurisdiction over Defendant because: (1) Defendant purposefully availed itself of the benefits of conducting activities in Texas, and (2) the cause of action arises from or relates to those contacts or activities.

9.     The Court has specific jurisdiction over this matter as it involved the execution, performance, and breach of a Texas insurance contract with Plaintiff, who is a Texas resident, with regards to an insured risk and/or property located in Texas.  As a matter of law, Defendant conducted business in this State because, without limitation, Defendant conducted the business of insurance in Texas and committed one or more torts and/or violated the Texas DTPA and/or Insurance Code, in whole or in part in this State, against Plaintiff in Harris County, Texas. Defendant has sufficient and/or minimum contacts with this State, and thus Plaintiff affirmatively assert the Court's exercise of jurisdiction over Defendant comports with "traditional notions of fair play and substantial justice."

## C.    VENUE.

10.     Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(l).  The property subject to this dispute and which is owned by Plaintiff is located in Harris County.  The insurance policy insuring the property was executed in Harris County. The damage to the property resulted from an event or occurrence in Harris County.  The resulting insurance claim that was made by Plaintiff, the property inspection performed by Defendant, and the denial and/or underpayment of the insurance claim by Defendant occurred in Harris County.

## IV.
### FACTUAL BACKGROUND

11.     Alice Moody is a named insured under a property insurance policy issued by State Farm Lloyds.  The policy number is ***7293.

12.     On August 28, 2017, Hurricane Harvey hit the Texas coast, which included Harris County. This resulted in roof and interior damage to Plaintiff's home. Specifically, the storm lifted shingles on the roof, allowing water to enter the home. As a result, there are water stains and mold visible in various rooms of the home. Thereafter, Plaintiff filed a claim on her insurance policy.

13.     Plaintiff asserts that Defendant improperly denied and/or underpaid the claim.

14.     Plaintiff asserts that Defendant conducted a substandard investigation and inspection of the property, prepared a report, which did not include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

15.     Defendant performed an outcome-oriented investigation of Plaintiff's claim. Defendant's (improper) claims handling included Defendant's biased claims adjustment, and an unfair and inequitable evaluation of Plaintiff's losses on the property. In addition, Defendant's claims handling included both an unreasonable investigation and underpayment of Plaintiff's claim.

## V.
### CAUSES OF ACTION AND ATTORNEY'S FEES

16.     Plaintiff incorporates the foregoing for all purposes.

**A.     BREACH OF CONTRACT**

17.     Plaintiff and Defendant entered into an insurance contract. Defendant breached this contract by, without limitation, inadequately and/or improperly investigating Plaintiff's insurance claim, wrongfully denying and/or underpaying the claim. Defendant damaged Plaintiff through its actions and/or inactions described herein.

**B.     PROMPT PAYMENT OF CLAIMS STATUTE**

18.     Defendant's failure to pay for Plaintiff's losses and/ or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.001 *et seq.* of the Texas Insurance Code, including without limitation §§ 542.055-.058.

19.     In addition to Plaintiff's claim for damages, Defendant's violation of the Tex. Insurance Code entitles Plaintiff to penalties, interest and attorney's fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.   BAD FAITH**

20.     Defendant is an insurance company and insured Plaintiff's property. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

21.     Defendant violated Section 541.051 of the Texas Insurance Code by, without limitation, making statements misrepresenting the terms and/or benefits of the policy.

22.     Defendant also violated Section 541.060 by, without limitation:

   a.     Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

   b.     Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

   c.     Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromised settlement of a claim;

   d.     Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and/or

e.      Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

23.     Defendant violated Section 541.061 by, without limitation:

a.      Making an untrue statement of material fact;

b.      Failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

c.      Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

d.      Making a material misstatement of law; and/or

e.      Failing to disclose a matter required by law to be disclosed.

24.     Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

**D.      Additional Claims & Damages**.

25.     Plaintiff also seeks to recover damages and/or actual damages "caused by" Defendant's Insurance Code violations. This includes, without limitation, damages resulting from Defendant's delay in payment, resulting from Defendant's unreasonable investigation. This includes, without limitation, costs for temporary repairs, additional property damage to Plaintiff's home during the pendency of the claims process and this litigation, costs associated with appraisal costs or sums related to pre-appraisal damage assessments.

26.     Plaintiff also seeks damages to compensate Plaintiff for the tangible and intangible consequences, suffering, stress and mental anguish of having to live with an unrepaired home for months.

**E.     ATTORNEY'S FEES**

27.     Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

28.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because an attorney that represents Plaintiff presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

29.     Plaintiff further prays that she be awarded all reasonable attorney's fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

**VI.**
**TEX. R. CIV. P. 193.7 NOTICE.**

31.     Pursuant to Tex. R. Civ. P. 193.7, the undersigned hereby notifies all parties and counsel of record that Plaintiff may introduce into evidence at the time of trial or pre-trial, those documents produced by all parties in response to requests for production and/or requests for disclosure in this matter.

**VII.**
**JURY DEMAND**

32.     Pursuant to Tex. R. Civ. P. 216, Plaintiff hereby demands trial by jury and has tendered the appropriate fee.

## VIII.
### PRAYER

33.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that, after due process of law, Plaintiff have judgment against Defendant for actual damages, together with exemplary damages, statutory damages, treble damages, statutory interest, pre-judgment interest, post-judgment interest, attorney's fees, costs of suit, and for all such other and further relief, both general and special, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

### THE BUZBEE LAW FIRM

By: */s/ Anthony G.Buzbee*
    Anthony G. Buzbee
    State Bar No. 24001820
    tbuzbee@txattorneys.com
    Christopher J. Leavitt
    State Bar No. 24053318
    cleavitt@txattorneys.com
    JP Morgan Chase Tower
    600 Travis, Suite 6850
    Houston, Texas  77002
    Telephone: (713) 223-5393
    Facsimile: (713) 223-5909

    AND

**LAW OFFICES OF MANUEL SOLIS, PC**

By: */s/ Stephen R. Walker*
    Stephen R. Walker
    State Bar No. 24001820
    Texas Bar No. 24034729
    Gregory J. Finney
    Texas Bar No. 24044430
    Juan A. Solis
    Texas Bar No. 24103040
    6657 Navigation Blvd.
    Houston, TX 77011
    Phone: (713) 277-7838
    Fax: (281) 377-3924
    swalker@manuelsolis.com
    gfinney@manuelsolis.com
    jusolis@manuelsolis.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT B-3

DELIVERED AUG 3 0 2019

CAUSE NO.   201959593

RECEIPT NO.                    0.00       CIV
            **********         TR # 73662710

PLAINTIFF: MOODY, ALICE                    In The   129th
              vs.                          Judicial District Court
DEFENDANT: STATE FARM LLOYDS               of Harris County, Texas
                                           129TH DISTRICT COURT
                                           Houston, TX

                              CITATION

THE STATE OF TEXAS
County of Harris


TO: STATE FARM LLOYDS MAY BE SERVED THROUGH CORPORATION SERVICE COMPANY
    211  EAST 7TH STREET SUITE 620  AUSTIN  TX  78701 - 3218
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>


This instrument was filed on the <u>23rd day of August, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 26th day of August, 2019, under my hand and
seal of said Court.

<u>Issued at request of:</u>                MARILYN BURGESS, District Clerk
LEAVITT, CHRISTOPHER JERROD               Harris County, Texas
600  TRAVIS STREET SUITE 7300             201 Caroline, Houston, Texas 77002
HOUSTON, TX  77002                        (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 223-5393
<u>Bar No.</u>: 24053318                    Generated By: MOMON, RHONDA  HWP//11310529

                  OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                              _____
                              _____ of _____County, Texas

_____    By _____
        Affiant                             Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                              _____
                                        Notary Public

N.INT.CITR.P                  *73662710*

**From:**      HOME CLMS-SALIR
**Sent:**      Wednesday, September 4, 2019 2:03 PM
**To:**        Keith Pope; Holly Lindstrom
**Cc:**        LT - FIRE - Litigation
**Subject:**   53-1578-F75



28843612

*ROUTING LAWSUIT FOR REVIEW.THE DOCS WILL ALSO BE ROUTED TO LT EMAIL CAPTURE.SALIR SHOULD NOT BE ASSIGNED AS CLAIM OWNER OR COL ON ANY CLAIM.IF ASSIGNMENT IS RECEIVED IN ERROR IMMEDIATELY FORWARD TO THE APPROPRIATE SEGMENT.DO NOT RETURN TO SALIR.*

# EXHIBIT B-4

9/20/2019 5:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37008522
By: JONATHAN PATTON
Filed: 9/20/2019 5:53 PM

## CAUSE NO. 2019-59593

| | | |
|---|---|---|
| ALICE MOODY, | § | IN THE DISTRICT COURT OF |
| **Plaintiff**, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, | § | |
| **Defendant**. | § | 129TH JUDICIAL DISTRICT |

---

### DEFENDANT'S ORIGINAL ANSWER

---

Defendant State Farm Lloyds files this Original Answer to Plaintiff's Original Petition:

### I.
### ABATEMENT FOR APPRAISAL

1.    The parties to this lawsuit are currently engaged in the contractual appraisal process to determine the amount of loss involved with respect to the insurance claim that gave rise to this lawsuit, subject to the coverage, terms, conditions, exclusions and loss settlement provisions set forth in the Policy. Appraisal is an agreed provision in the Policy that allows either party to invoke a process by which the amount of loss is determined by agreement of two appraisers, one selected by each party, or, if necessary, by one of the appraisers and an umpire mutually agreed to by the appraisers or appointed by the court. Plaintiff invoked the contractual appraisal process prior to filing suit; and the appraisal process is continuing at this time. The appraisal panel will likely arrive at an appraisal award that will set an amount of loss subject to the Policy. The award will either narrow or eliminate all or substantially all of the issues of law and issues of fact raised by Plaintiff's claims. Consequently, the Court should abate all

discovery and pretrial activity in this lawsuit until the factual circumstances and issues are defined through the appraisal process.

## II.
## GENERAL DENIAL

2.     Defendant generally denies all material allegations contained in Plaintiff's Original Petition, and any amendment thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, Defendant would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendment thereto, by a preponderance of the evidence.

## III.
## DEFENSES

3.     **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove the actual cash value of damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof of damages resulted from any accidental direct physical loss during the policy period beyond those damages found by State Farm under the Policy.

4.     **Limit of Liability.** State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

5.     **Deductible/Offset.** Defendant is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's $3,018.00 deductible, as well as an additional offset or credit in the amount of State Farm's payments to Plaintiff.

6.     **Loss Settlement Provision/Condition: Replacement Cost Benefits**. Under the Insuring Agreement, Plaintiff must first repair or replace the damaged

property to recover replacement cost benefits and the Policy limits such coverage to costs "necessarily" spent to repair the damaged property. The Policy specifically provides:

### FE-3533.1 HOMEOWNERS POLICY ENDORSEMENT (Texas)

**SECTION I - LOSS SETTLEMENT**

**COVERAGE A-DWELLING**

Items 1. and 2. are replaced by the following:

1. **A1** - **Replacement Cost Loss Settlement - Similar Construction.**

   a. We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations,** the damaged part of the property covered under **SECTION I - COVERAGES, COVERAGE A - DWELLING,** except for wood fences, subject to the following:

      (1) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damaged part of the property;

      (2) when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations,** whichever is less;

      (3) to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and give prompt notice to us after the work has been completed; and

      (4) we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of **a** building or other structure, except as provided under **Option OL - Building Ordinance or Law Coverage.**

Plaintiff lacks proof of completed repairs or replacement to any covered property damage connected with her insurance claim, and regardless, the most Plaintiff can recover under the Policy is the actual cost of Plaintiff's necessary repairs. As such,

Plaintiff's recovery in this case, if any, is limited to the actual cash value of the covered property damage.

7.  **Wear and Tear, Deterioration and Foundation Settlement, Cracking or Expansion.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused in whole or in part by wear and tear, related aging issues and foundation movement. The policy at issue provides that these damages are not insured under the policy:

**SECTION I – LOSSES NOT INSURED**

1.  We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
    * * * * *

    g.  wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown…

    i.  mold, fungus or wet or dry rot. . .

    l.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings. . .

Part of the property damages Plaintiff is claiming to her roof, garage, and other areas of the property occurred over time through wear, tear, and deterioration. Based on State Farm's multiple inspections of the property, the structure appears to have experienced foundation movements that does not result from any covered cause of loss. These conditions are not insured under the policy at issue.

8.  **Defective Design and Workmanship.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused in whole or in part by defective design

and workmanship. The policy at issue provides that these conditions do not fall under the coverage of the policy:

### SECTION I – LOSSES NOT INSURED

1. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

* * * * *

   b. defect, weakness, inadequacy, fault or unsoundness in:

    (1) planning, zoning, development, surveying, siting;

    (2) design, specifications, workmanship, construction, grading, compaction;

    (3) materials used in construction or repair; or

    (4) maintenance;

   of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises** . . .

Part of the damages Plaintiff is claiming to the property were caused by defective workmanship, construction, repairs or maintenance to Plaintiff's roof, garage and other areas of the property. These conditions are not insured under the policy at issue.

    9.    **Rot or Fungus.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately cause in whole or in part by rot or fungus. The policy at issue specifically provides:

### SECTION I – LOSSES NOT INSURED

1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

* * * * *

   i.    Mold, fungus or wet or dry rot;

\* \* \* \* \*

**FUNGUS (INCLUDING MOLD EXCLUSION ENDORSMENT)**

**DEFINITIONS**

The following definition is added:

"**fungus**" means any type or form of **fungus**, including mold, mildew, mycotoxins, spores, scents or byproducts produced or released by fungi.

**SECTION I – LOSSES NOT INSURED**

\* \* \* \* \*

Item 1.i is replaced with the following:

i.   wet or dry rot;

In item 2., the following is added as item g.:

g.   **Fungus**. We also do not cover:

(1)   any loss of use or delay in rebuilding, repairing or replacing covered property, including any associated cost or expense, due to interference at the **residence premises** or location of the rebuilding, repair or replacement, by **fungus**;

(2)   any remediation of **fungus**, including the cost to:

(a)   remove the **fungus** from covered property or to repair, restore or replace that property; or

(b)   tear out and replace any part of the building or other property as needed to gain access to the **fungus**; or

(3)   the cost of any testing or monitoring of air or property to confirm the type, absence, presence or level of **fungus**, whether performed prior to, during or after removal, repair, restoration or replacement of covered property.

All other policy provisions apply.

Part of the damages Plaintiff is claiming to the insured property resulted from rot or fungus. These conditions are not insured under the policy at issue.

10.   **Bona Fide/Legitimate Dispute.** A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including for violations of the Texas Insurance Code or any other statutory or common law authority.

11.   **Cap on Punitive Damages.** TEX. CIV. PRAC. AND REM. CODE §41.001, *et seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and the common law. Further, unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

**PRAYER**

Defendant prays that Plaintiff take nothing by her claims, and that Defendant recover its costs, fees, and expenses, and such other further relief to which Defendant may show itself to be justly entitled to, in law and in equity.

Respectfully submitted,

**NISTICO, CROUCH & KESSLER, P.C.**

By:   */s/ M. Micah Kessler*
      M. Micah Kessler
      State Bar No. 00796878
      Jazmine J. Ford
      State Bar No. 24109881
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222
Email: mkessler@nck-law.com
Email: jford@nck-law.com

**COUNSEL FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on September 20, 2019, in the manner(s) prescribed below:

Anthony G. Buzbee
Christopher J. Leavitt
The Buzbee Law Firm
600 Travis, Suite 6850
Houston, Texas 77002
**VIA EFILE**

Stephen R. Walker
Gregory J. Finney
Juan Solis
Law Offices of Manuel Solis, PC
6657 Navigation Boulevard,
Houston, Texas 77011
**VIA EFILE**

*/s/ M. Micah Kessler*
M. Micah Kessler

Print this page

# Case # 201959593 - MOODY, ALICE v STATE FARM LLOYDS

**Case Information**

| | |
|---|---|
| Location | Harris County - 129th Civil District Court |
| Date Filed | 9/20/2019 5:53 PM |
| Case Number | 201959593 |
| Case Description | MOODY, ALICE v STATE FARM LLOYDS |
| Assigned to Judge | |
| Attorney | M Kessler |
| Firm Name | Nistico Crouch & Kessler PC |
| Filed By | Tyffeni Nguyen |
| Filer Type | Attorney |

**Fees**

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $0.00 |

**Payment**

| | |
|---|---|
| Account Name | AMEX 6004 |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 55231240 |
| Order # | |

---

**Answer/ Response / Waiver**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Answer/ Response / Waiver |
| Filing Description | Defendant's Original Answer |
| Reference Number | Moody, Alic |
| Comments | |

| Status | Submitting |
|---|---|
| **Fees** | |
| Court Fee | $0.00 |
| Service Fee | $0.00 |
| **Documents** | |
| *Lead Document* | Moody, Alice - SF Original Answer.pdf | [Original] |

## eService Details

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Jessica Salto<br>jsalto@txattorneys.com | Buzbee Law Firm | EServe | Not Sent | No | Not Opened |
| Christopher Leavitt<br>cleavitt@txattorneys.com | Buzbee Law Firm | EServe | Not Sent | No | Not Opened |
| Ryan Steinhart<br>rSteinhart@txattorneys.com | The Buzbee Law Firm | EServe | Not Sent | No | Not Opened |
| Rian Taff<br>rtaff@txattorneys.com | | EServe | Not Sent | No | Not Opened |
| Harvey Clerk<br>LawClerk@txattorneys.com | The Buzbee Law Firm | EServe | Not Sent | No | Not Opened |
| Anthony Buzbee<br>tbuzbee@txattorneys.com | | EServe | Not Sent | No | Not Opened |
| Gregory J. Finney<br>gfinney@manuelsolis.com | | EServe | Not Sent | No | Not Opened |
| Jazmine Ford<br>jford@nck-law.com | NCK, PC | EServe | Not Sent | No | Not Opened |
| Juan Solis<br>jusolis@manuelsolis.com | | EServe | Not Sent | No | Not Opened |
| Stephen R. Walker<br>swalker@manuelsolis.com | | EServe | Not Sent | No | Not Opened |
| Tyffeni Nguyen<br>tnguyen@nck-law.com | Nistico, Crouch & Kessler | EServe | Not Sent | No | Not Opened |
| M. Micah Kessler<br>mkessler@nck-law.com | Nistico Crouch & Kessler, PC | EServe | Not Sent | No | Not Opened |